IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIN PAUL, WORLD CLASS HOLDING COMPANY, LLC; and WORLD CLASS HOLDINGS MANAGEMENT, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:21-CV-00954 |
| RANI A. SABBAN, Investigator, Texas State Securities Board, in his individual capacity; PRESTON JOY, Special Agent, Federal Bureau of Investigation, in his individual capacity; DOES 1-40, Special Agents, Federal Bureau of Investigation, in their individual capacities; and DOES 41-100, Law Enforcement Officers, in their individual capacities, | § § § § § § § § § § § § | COMPLAINT<br><br>JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Natin Paul, World Class Holding Company, LLC, and World Class Holdings Management, LLC (collectively "Plaintiffs") bring this action to recover damages against: Rani A. Sabban, Investigator, Texas State Securities Board, in his individual capacity; Preston Joy, Special Agent, Federal Bureau of Investigation (FBI), in his individual capacity; Does 1-40, Special Agents, Federal Bureau of Investigation (FBI), in their individual capacities; and Does 41-100, Law Enforcement Officers, in their individual capacities (collectively "Defendants") for violations of Plaintiffs' civil rights under the Fourth and Fifth Amendments of the United States Constitution.

Without a valid search warrant or probable cause, Sabban, Joy, and Does 1-100 searched Mr. Paul, Mr. Paul's personal residence, World Class Holding Company, LLC's offices, World Class Holdings Management, LLC's offices, and Plaintiffs' storage facilities. In conducting the

searches, Sabban, Joy, and Does 1-100 intentionally damaged Plaintiffs' property without legal justification or probable cause. Further, Sabban, Joy, and Does 1-100 intentionally seized Plaintiffs' property without legal justification or probable cause. To date, Sabban, Joy, and Does 1-100 have failed to return Plaintiffs' property denying them the lawful possession and use of their property. Sabban, Joy, and Does 1-100's conduct violated Plaintiffs' civil rights under the Fourth and Fifth Amendments, and they are entitled to recover damages, costs, and attorney fees from Sabban, Joy, and Does 1-100 in their respective individual capacities.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

3. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) and (c) because Defendants reside and transact business in this District.

## PARTIES

4. Plaintiff Natin Paul resides, conducts business, and works in Austin, Texas.

5. Plaintiff World Class Holding Company, LLC, 401 Congress Avenue, 33rd Floor, Austin, Texas, has offices and conducts business in Austin, Texas. Natin Paul serves as an officer of World Class Holding Company, LLC.

6. Plaintiff World Class Holdings Management, LLC, 401 Congress Avenue, 33rd Floor, Austin, Texas, has offices and conducts business in Austin, Texas. Natin Paul serves as an officer of World Class Holdings Management, LLC.

7.     Defendant Rani A. Sabban resides and works in Travis County, Texas. At all times relevant to this Complaint, Sabban was employed as an Investigator with the Texas State Securities Board and acted under the color of federal and state law.

8.     Defendant Preston Joy resides and works in Travis County, Texas. At all times relevant to this Complaint, Joy was employed as a Special Agent with the FBI and acted under the color of federal and state law.

9.     Defendants Does 1-40 reside and work in Travis County, Texas. At all times relevant to this Complaint, Does 1-40 were employed as a Special Agents with the FBI and acted under the color of federal and state law.

10.    Defendants Does 41-100 reside and work in Travis County, Texas. At all times relevant to this Complaint, Does 41-100 were employed as a Law Enforcement Officers and acted under the color of federal and state law.

**FACTS**

11.    On August 12, 2019, Sabban with deliberate assistance from Joy and Does 1-100 submitted several applications for search warrants to United States Magistrate Judge Mark Lane. In support of these applications for search warrants, Sabban knowingly and intentionally submitted an affidavit with false material statements to obtain the search warrants later used to search Plaintiffs' property. Sabban, Joy, and Does 1-100 knowingly and intentionally provided or caused to be provided false material statements contained in Sabban's affidavit. Further, Sabban, Joy, and Does 1-100 knowingly and intentionally omitted or caused to be omitted material facts or statements from Sabban's affidavit.

12.    In the absence of any evidence and in full reliance of Sabban's false affidavit, Judge Lane issued several search warrants to Sabban, Joy, and Does 1-100 on August 12, 2019.

13. On August 17, 2019, Sabban, Joy, and Does 1-100 conducted several searches of Plaintiffs' property in Austin, Texas. The searches were conducted at: 814 Lavaca Street, Austin, Texas; 303 W. 9th Street, Austin, Texas; 305 W. 9th Street, Austin, Texas; 307 W. 9th Street, Austin, Texas; 320 Congress Avenue, Austin, Texas; 322 Congress Avenue, Austin, Texas; 2112 Rutland Drive, Suite 141, Austin, Texas; and 7800 Cava Place, Austin, Texas. Sabban, Joy, and Does 1-100 conducted these searches without presenting or providing a copy of a search warrant to the Plaintiffs. Sabban, Joy, and Does 1-100 did not have probable cause to conduct these searches.

14. Sabban, Joy, and Does 1-100 detained Mr. Paul, detained Plaintiffs' employees, and searched Plaintiffs' property. Sabban, Joy, and Does 1-100 claimed to conduct these searches in furtherance of federal and state concurrent criminal investigations.

15. Sabban, Joy, and Does 1-100 seized, damaged, or destroyed Plaintiffs' property without presenting or providing a copy of a search warrant. Sabban, Joy, and Does 1-100 did not have probable cause to conduct these actions.

16. Sabban, Joy, and Does 1-100's detention of Mr. Paul, detention of Plaintiffs' employees, and search, seizure, or damage of Plaintiffs' property was unreasonable and without probable cause.

17. During the detention of Mr. Paul, detention of Plaintiffs' employees, and search of Plaintiffs' property, Sabban, Joy, and Does 1-100 acted to intimidate and prevent Mr. Paul and Plaintiffs' employees from lawfully observing, questioning, or objecting to the detention, search, seizure, or damage of Plaintiffs' property.

18. Sabban, Joy, and Does 1-100's detention of Mr. Paul, detention of Plaintiffs' employees, and search of Plaintiffs' property caused Mr. Paul to suffer emotional distress, humiliation, and embarrassment.

19. Sabban, Joy, and Does 1-100 informed the news media in and around Austin, Texas, that Plaintiffs were under criminal investigations and that searches were conducted of Plaintiffs' property. As a result, news media reported this information to the public. Plaintiffs' business reputation was severely damaged, and their business affairs were severely compromised. Plaintiffs suffered significant financial losses because of Sabban, Joy, and Does 1-100's false material statements that they provided to the news media.

20. Sabban, Joy, and Does 1-100 knowingly and intentionally acted to deprive Plaintiffs of their freedom, property, and economic opportunities without any legal justification or probable cause.

21. Sabban, Joy, and Does 1-100 lacked probable cause to detain and search Mr. Paul and Plaintiffs' employees, and to search, seize, or damage Plaintiffs' property. To hide their illegal actions, Sabban, Joy, and Does 1-100 knowingly and intentionally sought and obtained several invalid search warrants with an affidavit that contained false material facts. Without these false material facts, they did not have probable cause to obtain valid search warrants.

22. On October 21, 2019, the Plaintiffs received a copy of an alleged search warrant from the Defendants and became aware of the existence of an alleged search warrant for the first time.

## FIRST CAUSE OF ACTION
**Unreasonable Detention, Search, and Seizure in Violation of the Fourth Amendment to the United States Constitution (*Bivens* Claim)**

23. Plaintiffs incorporate by reference all paragraphs of this complaint set out above as if fully set forth.

24. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally presented, or caused to be presented, false material statements in support of their application for search warrants to be issued against Plaintiffs and their property.

25. Defendants Sabban, Joy, and Does 1-100 did not have probable cause to detain and search Mr. Paul or Plaintiffs' employees, or to search, seize, or damage Plaintiffs' property.

26. At all relevant times, Defendants Sabban, Joy, and Does 1-100 acted under the color of federal and state law.

27. Defendants Sabban, Joy, and Does 1-100's actions under the color of federal law deprived Mr. Paul and Plaintiffs' employees of their right to be free from unreasonable detention, and Plaintiffs' right to be free from search, seizure, or damage of their property by conducting such actions against Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

28. At the time Defendants Sabban, Joy, and Does 1-100 detained Mr. Paul, detained Plaintiffs' employees, and searched, seized or damaged Plaintiffs' property, neither Mr. Paul nor Plaintiffs' employees posed a danger, gave indicia of criminal activity, or took actions that gave Defendants probable cause for their illegal actions. Defendants Sabban, Joy, and Does 1-100's illegal actions were objectively unreasonable and without probable cause.

29. Defendants Sabban, Joy, and Does 1-100's unreasonable detention of Mr. Paul, detention of Plaintiffs' employees, and their unreasonable search, seizure, or damage, of Plaintiffs' property was a direct and proximate cause of Mr. Paul's emotional distress, Plaintiffs' property

damage, Plaintiffs' loss of economic opportunities, and Plaintiffs' loss of possession and use of their property.

30. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally acted: to deprive Mr. Paul and Plaintiffs' employees of their freedom or privacy; to deprive Plaintiffs of their property; to damage Plaintiffs' property; to harm Mr. Paul's person; and to harm Plaintiffs' economic affairs.

31. As a result, Defendants Sabban, Joy, and Does 1-100's actions violated the Plaintiffs' clearly established Fourth Amendment rights. Plaintiffs are entitled to recover actual, compensatory, and exemplary damages from each of the Defendants pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

## SECOND CAUSE OF ACTION
### Takings or Deprivation of Property in Violation of the Fifth Amendment to the United States Constitution (*Bivens* Claim)

32. Plaintiffs incorporate by reference all paragraphs of this complaint set out above as if fully set forth.

33. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally presented, or caused to be presented, false material statements in support of their application for search warrants to be issued against Plaintiffs and their property.

34. Defendants Sabban, Joy, and Does 1-100 did not have probable cause to detain and search Mr. Paul or Plaintiffs' employees, or to search, seize or damage Plaintiffs' property.

35. At all relevant times, Defendants Sabban, Joy, and Does 1-100 acted under the color of federal and state law.

36. Defendants Sabban, Joy, and Does 1-100's actions under the color of federal law deprived Plaintiffs' of their right to be free from unreasonable takings or deprivation of their

property by conducting such actions against Plaintiffs in violation of the Fifth Amendment to the United States Constitution.

37. At the time Defendants Sabban, Joy, and Does 1-100 detained Mr. Paul, detained Plaintiffs' employees, and searched, seized or damaged Plaintiffs' property, neither Mr. Paul nor Plaintiffs' employees posed a danger, gave indicia of criminal activity, or took actions that gave Defendants probable cause for their illegal actions. Defendants Sabban, Joy, and Does 1-100's illegal actions were objectively unreasonable and without probable cause.

38. Defendants Sabban, Joy, and Does 1-100's unreasonable detention of Mr. Paul, detention of Plaintiffs' employees, and their unreasonable search, seizure, or damage, of Plaintiffs' property was a direct and proximate cause of Mr. Paul's emotional distress, Plaintiffs' property damage, Plaintiffs' loss of economic opportunities, and Plaintiffs' loss of possession and use of their property.

39. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally acted: to deprive Mr. Paul and Plaintiffs' employees of their freedom or privacy; to deprive Plaintiffs of their property; to damage Plaintiffs' property; to harm Mr. Paul's person; and to harm Plaintiffs' economic affairs.

40. As a result, Defendants Sabban, Joy, and Does 1-100's actions violated the Plaintiffs' clearly established Fifth Amendment rights. Plaintiffs are entitled to recover actual, compensatory, and exemplary damages from each of the Defendants pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

## THIRD CAUSE OF ACTION
### Unreasonable Detention, Search, and Seizure in Violation of the Fourth Amendment to the United States Constitution (§ 1983 Claim)

41. Plaintiffs incorporate by reference all paragraphs of this complaint set out above as if fully set forth.

42. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally presented, or caused to be presented, false material statements in support of their application for search warrants to be issued against Plaintiffs and their property.

43. Defendants Sabban, Joy, and Does 1-100 did not have probable cause to detain and search Mr. Paul or Plaintiffs' employees, or to search, seize, or damage Plaintiffs' property.

44. At all relevant times, Defendants Sabban, Joy, and Does 1-100 acted under the color of federal and state law.

45. Defendants Sabban, Joy, and Does 1-100's actions under the color of state law deprived Mr. Paul and Plaintiffs' employees of their right to be free from unreasonable detention, and Plaintiffs' right to be free from search, seizure, or damages of their property by conducting such actions against Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

46. At the time Defendants Sabban, Joy, and Does 1-100 detained Mr. Paul, detained Plaintiffs' employees, and searched, seized or damaged Plaintiffs' property, neither Mr. Paul nor Plaintiffs' employees posed a danger, gave indicia of criminal activity, or took actions that gave Defendants probable cause for their illegal actions. Defendants Sabban, Joy, and Does 1-100's illegal actions were objectively unreasonable and without probable cause.

47. Defendants Sabban, Joy, and Does 1-100's unreasonable detention of Mr. Paul, detention of Plaintiffs' employees, and their unreasonable search, seizure, or damage, of Plaintiffs'

property was a direct and proximate cause of Mr. Paul's emotional distress, Plaintiffs' property damage, Plaintiffs' loss of economic opportunities, and Plaintiffs' loss of possession and use of their property.

48. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally acted: to deprive Mr. Paul and Plaintiffs' employees of their freedom or privacy; to deprive Plaintiffs of their property; to damage Plaintiffs' property; to harm Mr. Paul's person; and to harm Plaintiffs' economic affairs.

49. As a result, Defendants Sabban, Joy, and Does 1-100's actions violated the Plaintiffs' clearly established Fourth Amendment rights. Plaintiffs are entitled to recover actual, compensatory, and exemplary damages from each of the Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION
### Takings or Deprivation of Property in Violation of the Fifth Amendment to the United States Constitution (§ 1983 Claim)

50. Plaintiffs incorporate by reference all paragraphs of this complaint set out above as if fully set forth.

51. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally presented, or caused to be presented, false material statements in support of their application for search warrants to be issued against Plaintiffs and their property.

52. Defendants Sabban, Joy, and Does 1-100 did not have probable cause to detain and search Mr. Paul or Plaintiffs' employees, or to search, seize or damage Plaintiffs' property.

53. At all relevant times, Defendants Sabban, Joy, and Does 1-100 acted under the color of federal and state law.

54. Defendants Sabban, Joy, and Does 1-100's actions under the color of state law deprived Plaintiffs' of their right to be free from unreasonable takings or deprivation of their property by conducting such actions against Plaintiffs in violation of the Fifth Amendment to the United States Constitution.

55. At the time Defendants Sabban, Joy, and Does 1-100 detained Mr. Paul, detained Plaintiffs' employees, and searched, seized or damaged Plaintiffs' property, neither Mr. Paul nor Plaintiffs' employees posed a danger, gave indicia of criminal activity, or took actions that gave Defendants probable cause for their illegal actions. Defendants Sabban, Joy, and Does 1-100's illegal actions were objectively unreasonable and without probable cause.

56. Defendants Sabban, Joy, and Does 1-100's unreasonable detention of Mr. Paul, detention of Plaintiffs' employees, and their unreasonable search, seizure, or damage, of Plaintiffs' property was a direct and proximate cause of Mr. Paul's emotional distress, Plaintiffs' property damage, Plaintiffs' loss of economic opportunities, and Plaintiffs' loss of possession and use of their property.

57. Defendants Sabban, Joy, and Does 1-100 knowingly and intentionally acted: to deprive Mr. Paul and Plaintiffs' employees of their freedom or privacy; to deprive Plaintiffs of their property; to damage Plaintiffs' property; to harm Mr. Paul's person; and to harm Plaintiffs' economic affairs.

58. As a result, Defendants Sabban, Joy, and Does 1-100's actions violated the Plaintiffs' clearly established Fifth Amendment rights. Plaintiffs are entitled to recover actual, compensatory, and exemplary damages from each of the Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988.

## JURY TRIAL DEMANDED

59.     Plaintiffs respectfully demand a jury trial for all their *Bivens* claims.

60.     Plaintiffs respectfully demand a jury trial for all their § 1983 claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully ask this Court to:

a.  Declare that the actions of Defendants Sabban, Joy, and Does 1-100 violated the U.S. Constitution;

b.  Grant Plaintiffs a trial by jury as to all their *Bivens* claims;

c.  Grant Plaintiffs a trial by jury as to all their § 1983 claims;

d.  Award actual damages in an amount to be determined at trial;

e.  Award compensatory damages in an amount to be determined at trial;

f.  Award exemplary or punitive damages in an amount to be determined at trial;

g.  Award attorney's fees and costs against Sabban, Joy, and Does 1-100.

h.  Grant such other and further relief as this Court deems proper.

Respectfully submitted,

CLARK HILL PLC

BY:     /s/ *Jose Vela Jr.*
Jose Vela Jr.
ATTORNEY IN CHARGE
Texas State Bar No. 24040072
909 Fannin Street, Suite 2300
Houston, Texas 77010
713.951.5607
713-951-5660 (fax)
JVela@clarkhill.com

***Motion for Admission Pro Hac Vice to be filed***

Anne Marie Laney Hill
Texas State Bar No. 24032529
Clark Hill PLC
909 Fannin Street, Suite 2300
Houston, Texas 77010
713.951.5600
713-951-5660 (fax)
ALaneyHill@clarkhill.com