IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIN PAUL, WORLD CLASS HOLDING COMPANY, LLC; and WORLD CLASS HOLDINGS MANAGEMENT, LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:21-CV-00954-LY |
| RANI A. SABBAN, Investigator, Texas State Securities Board, in his individual capacity; PRESTON JOY, Special Agent, Federal Bureau of Investigation, in his individual capacity; DOES 1-40, Special Agents, Federal Bureau of Investigation, in their individual capacities; and DOES 41-100, Law Enforcement Officers, in their individual capacities, | § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANT RANI SABBAN'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Rani Sabban files this Motion to Dismiss. The allegations and causes of action asserted in Plaintiffs' Original Complaint (Dkt. #1) fail to state a claim against Sabban on which relief can be granted. Sabban also joins in the arguments made by Defendant Preston Joy in his motion to dismiss (Dkt. #18). Sabban respectfully requests this Court grant his motion to dismiss and dismiss Plaintiffs' claims with prejudice.

## BACKGROUND

This is a federal civil rights case arising from the alleged execution of multiple search warrants on August 17, 2019. According to the Complaint, searches were conducted on that date of eight properties owned or controlled by Plaintiffs Natin Paul, World Class Holding Company,

LLC, and/or World Class Holdings Management, LLC (collectively, "Paul"). Compl. ¶13. Those searches were allegedly carried out by Sabban, co-defendant Preston Joy, and some 100 other unidentified individuals. *Id.* Paul alleges all of these individuals were acting, at all times, under color of both federal and state law. Compl. ¶¶7-10.

Paul sues because he claims the search warrants were procured through the submission of an affidavit, signed by Sabban, that contained "false material statements" and "omitted material facts." Compl. ¶11. The Complaint does not identify any statements, true or false, in the affidavit, and does not describe any facts, material or immaterial, included in or omitted from the affidavit. Paul also alleges there was no probable cause to conduct these searches. Compl. ¶13. The Complaint does not identify any factual circumstances surrounding the affidavit, the search warrants, the apparent criminal investigations, or the existence (or lack) of probable cause. Finally, Paul alleges the defendants detained him and seized and damaged his property. Compl. ¶15. The Complaint does not provide any details surrounding this alleged detention or identify any specific property seized or damaged.

Paul brings four distinct causes of action arising from this common base of allegations. He brings two *Bivens*[1] claims: one for unreasonable search and seizure under the Fourth Amendment, and one for an uncompensated takings under the Fifth Amendment. Compl. ¶¶23-40. He also asserts those same claims again under 42 U.S.C. § 1983.[2] Compl. ¶¶41-58.

## ARGUMENT

This Court knows well the Rule 12(b)(6) standards for dismissal for failure to state a claim. "Dismissal is proper when, accepting all well-pled facts as true, the plaintiff has not

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim is "an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021).

[2]A § 1983 claim is a statutory cause of action for damages against state actors alleged to have violated a citizen's constitutional rights. 42 U.S.C. § 1983.

stated a plausible claim for relief." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 506 (5th Cir. 2021). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (factual allegations must "raise a right to relief above the speculative level"). The Court must not accept as true "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336-37 (5th Cir. 2019) (cleaned up). "An otherwise plausible claim may also be doomed by a procedural impediment, like a statute of limitations or similar bar." *Stringer*, 986 F.3d at 506.

Paul has failed to state a claim for at least five reasons. First, all of his claims are barred by the applicable statute of limitations. Second, both of his *Bivens* claims fail as a matter of law because they do not exist and should not be created by this Court. Third, both of his Fifth Amendments takings claims fail as a matter of law because no takings occurred. Fourth, all of his claims fail under the plausibility standard because Paul has alleged only conclusory statements and naked assertions devoid of factual enhancement. Fifth, Sabban is entitled to qualified immunity from suit, and Paul has not alleged any specific facts to overcome that defense.

**I.      Paul's claims are barred by the two-year statute of limitations.**

The statute of limitations for a *Bivens* claim is borrowed from state law claims for personal injury. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The same is true for a § 1983 claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In Texas, the relevant limitations period is two years. *Id.*; *Brown*, 188 F.3d at 590. Accordingly, the statute of limitations governing all of Paul's claims is two years.

Although the limitations period for these claims is provided by state law, federal law governs when these claims accrued. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994); *Brown*, 188 F.3d at 589. Under federal law, limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski*, 51 F.3d at 516; *see also Wallace v. Kato*, 549 U.S. 384, 391 (2007) (citing the "traditional rule of accrual" that limitations begins to run "when the wrongful act or omission results in damages," even if "the full extent of the injury is not then known or predictable"). The plaintiff "need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Piotrowski*, 51 F.3d at 516.

Paul filed this lawsuit on October 21, 2021. If Paul's claims accrued more than two years prior to that date then his claims are untimely and are barred by limitations.

Paul's two Fifth Amendment takings claims accrued more than two years before October 21, 2021. Paul alleges he and his representatives were present for the execution of the search warrants on August 17, 2019. *E.g.*, Compl. ¶¶14, 16, 17, 18, 34, 37-38, 52, 55-56. On that date, Paul was aware and had sufficient information to know that he had been allegedly injured when his property was "searched, seized, or damaged." *Id.* ¶37; *Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2170-72 (2019) (Fifth Amendment takings claim arises when takings occurs); *Stringer*, 986 F.3d at 511.

Paul's two Fourth Amendment claims also accrued more than two years before October 21, 2021. Through his presence at the execution of the search warrants, Paul was aware that a Fourth Amendment search (in his view, an unlawful search) was being conducted, and that he was allegedly being detained incident to that search, on August 17, 2019. *See Moore*, 30 F.3d at 621 (plaintiff "certainly possessed the critical facts concerning the allegedly unreasonable search

of the car on the day it occurred"); *Jaramillo v. Renner*, 697 Fed. App'x 326, 326 (5th Cir. 2017) (unpublished) (§ 1983 claim under Fourth Amendment accrued on date of search and seizure); *Humphreys v. City of Ganado, Tex.*, 467 Fed. App'x 252, 255 (5th Cir. 2012) (unpublished) (same). Even if Paul was not aware of the details surrounding the application for the search warrants at that time, he had sufficient personal knowledge to form a belief (correct or not) that there was no probable cause to search his properties. *See Piotrowski*, 51 F.3d at 516. Alternatively, he at least had sufficient information to lead a reasonable person to investigate further. *Id.*

Because all of Paul's claims accrued more than two years before he filed this lawsuit, his claims are barred by the statute of limitations and must be dismissed with prejudice.

**II.     Paul's *Bivens* claims fail because they do not exist and should not be created.**

Unlike the statutory § 1983 cause of action, a *Bivens* claim is an implied cause of action that exists only where the courts recognize it. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Today, *Bivens* claims are generally limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Id.* (citations omitted).

If an alleged *Bivens* claim departs from those three specific factual scenarios, it presents a "new context" in which courts must decide whether to extend *Bivens* by recognizing a new cause of action. *Id.* As a practical matter, the answer to the question "should the court extend *Bivens*?" is always "no." *Id.*; *Cantu v. Moody*, 933 F.3d 414, 421 (5th Cir. 2019) ("Since 1980, however,

the [United States Supreme] Court has refused every *Bivens* claim presented to it." (quotation marks omitted)).

First, this case presents a "new context" for a *Bivens* claim. The analysis here is incredibly strict. *See Cantu*, 933 F.3d at 422. If there is *any meaningful difference* between this case and one of the trio of permissible *Bivens* cases, the context is new. *Id.* And a "meaningful" difference can be as simple as an officer holding a different rank or a search taking place at an office instead of a home. *Id.* at 423; *Oliva*, 973 F.3d at 443. The context can be new even if "a plaintiff asserts a violation of the same clause of the same [constitutional] amendment *in the same way*" as in a recognized *Bivens* case. *Cantu*, 933 F.3d at 422.

Here, the only arguably similar case from the *Bivens* trio is *Bivens* itself. That case involved a *warrantless* search and seizure of a person in his home in front of his family by agents of the Federal Bureau of Narcotics. *Bivens*, 403 U.S. at 389. The biggest and most meaningful difference between the facts of *Bivens* and the alleged facts here is that the searches of Paul's property were done pursuant to a *warrant*. *Cantu*, 933 F.3d at 423 (new contexts exist where "judicial guidance" differs, as it does between warrantless searches and "executions of warrants"); *Oliva*, 973 F.3d at 443. The alleged falsification of the warrant application affidavit is also a material difference. *Cantu*, 933 F.3d at 423 (declining to recognize new Fourth Amendment *Bivens* claim based on "falsified affidavits"); *Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (declining to recognize new Fourth Amendment *Bivens* claim based on officer stopping plaintiff in a parking lot and threatening to shoot him). Paul does not allege that he was handcuffed in front of his family or that he was strip-searched. *Id.*; *Oliva*, 973 F.3d at 443; *Byrd*, 990 F.3d at 882. Paul does not allege that he was being investigated for narcotics offenses or by

narcotics officers. *Oliva*, 973 F.3d at 443; *Byrd*, 990 F.3d at 882. Paul's allegations clearly present a "new context."

Second, as is now tradition, this Court should decline to "engage in the disfavored judicial activity of recognizing a new *Bivens* action" in this new context. *Id.*; *Cantu*, 933 F.3d at 423; *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (court "*must refrain* from creating" a new *Bivens* claim whenever this "remarkably low" threshold is cleared). Numerous "special factors" counsel against creating a new cause of action for Paul. For example, Congress has already created a "statutory scheme for torts committed by federal officers," meaning judicial activism is not necessary. *Cantu*, 933 F.3d at 423 (citing 28 U.S.C. § 2680(h)); *Oliva*, 973 F.3d at 444. And Congress has not taken action to create a statutory *Bivens* claim, which at this point must be intentional. *Byrd*, 990 F.3d at 882; *Oliva*, 973 F.3d at 444; *Cantu*, 933 F.3d at 423.

In sum, the *Bivens* claims alleged by Paul present a "new context" requiring this Court to decide whether to recognize a novel form of *Bivens* claim. Over four decades of United States Supreme Court precedent and numerous recent Fifth Circuit opinions have explained why it is not appropriate for the federal courts to continue creating causes of action in this context. This Court should decline to extend *Bivens* and should dismiss Paul's alleged *Bivens* claims with prejudice.

**III.   Paul's Fifth Amendment takings claims fail because no takings occurred.**

Paul alleges the government's seizure of his property constituted a takings in violation of the Fifth Amendment. Those claims fail because the seizure of property pursuant to a warrant is not a takings as a matter of law.

"The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan*, 516 U.S. 442, 452 (1996). "When property has been seized pursuant to the criminal laws . . . such deprivations are not 'takings' for which the owner is entitled to compensation." *Acadia Technology, Inc. v. United States*, 458 F.3d 1327 (Fed. Cir. 2006); *Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984) (Takings Clause "is not implicated by the legal seizure of property pursuant to a criminal investigation"); *see also AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause."); *Johnson v. Manitowoc County*, 635 F.3d 331, 336 (7th Cir. 2011) ("the Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain"); *Zitter v. Petruccelli*, 744 Fed. App'x 90, 96 (3d Cir. 2018) (unpublished) ("Zitter lacks a viable Takings claim because Defendants acquired the property pursuant to a lawful search warrant"); *Lech v. Jackson*, 791 Fed. App'x 711, 715-16 (10th Cir. 2019) (unpublished) (citing *Lawmaster v. Ward*, 125 F.3d 1341, 1344-46 (10th Cir. 1997)). This Court has applied this rule to dismiss a Takings Clause claim brought under § 1983. *Lane v. Rechtfertig*, No. A-16-CA-00473-SS, 2017 WL 5653870, at *5 (W.D. Tex. Jan. 25, 2017) (Sparks, J.).

Where, as here, property is seized during the execution of a search warrant, a "Takings Clause claim is a non-starter." *Johnson*, 635 F.3d at 336. Accordingly, Paul's two Takings Clause claims should be dismissed with prejudice.

### IV.     Paul's claims do not meet the plausibility standard.

Even if they were legally viable, all of Paul's claims fail to meet the plausibility standard. Instead of pleading specific factual allegations, Paul has merely recited the broad elements of his causes of action and supported them with "mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Paul's two Fifth Amendment takings claims illustrate the point well. Nowhere in Paul's complaint does he identify any specific property across any of the eight searched locations that was seized, damaged, or destroyed. Even his recitals of the elements of his claim are lacking, as Paul makes no attempt to explain how any of his property was taken "for public use," a necessary element of any Takings Clause claim. *See* U.S. CONST. Amend. V.

Paul's twin Fourth Amendment claims fare no better. Paul appears to be making a *Franks* claim, as his conclusory allegations track those elements. *See Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020) (describing liability for "officers who deliberately or recklessly provide false, material information for use in an affidavit or who make knowing and intentional omissions that result in a warrant being issued without probable cause" (citing *Franks v. Delaware*, 438 U.S. 154 (1978) (cleaned up)). But Paul's complaint does not identify any content of the affidavit, much less any allegedly false material statements or omissions. He merely makes a "naked assertion" of falsity without providing the "further factual enhancement" required to state a claim. *Iqbal*, 556 U.S. at 678.

These missing specific factual allegations are necessary to meet the plausibility standard in two ways. *Terwilliger v. Reyna*, 4 F.4th 270, 282-83 (5th Cir. 2021). First, to adequately plead a *Franks* claim, a plaintiff must do more than deny the accuracy of a warrant affidavit. *Id.* ("Merely denying these facts is insufficient to establish colorable *Franks* liability . . . ."); *Franks*, 438 U.S. at 171 (recognizing "a presumption of validity with respect to the affidavit supporting

9

the search warrant"). For example, where liability is premised on the omission of material facts, the plaintiff must identify those missing facts. *Terwilliger*, 4 F.4th at 283 (plaintiffs identified "video evidence, witness interviews," and other facts); *see also Franks*, 438 U.S. at 171 (allegations "should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons"). Second, those specific allegations are also necessary for the Court to conduct the next step of the *Franks* analysis, which is to determine whether the affidavit would still support probable cause if the false statements had been removed and the material omissions corrected. *Terwilliger*, 4 F.4th at 283. The Court cannot perform that analysis unless it knows *both* the allegedly false (or omitted) statements *and* the remaining, uncontested content of the affidavit. *Id.* Without being able to conduct that analysis, the Court cannot conclude Paul has pleaded a plausible *Franks* claim.

  To the extent Paul is bringing a Fourth Amendment claimed based on being "detained," he has also failed to plead a plausible claim. Paul alleges that he and other unnamed employees were "detained," but provides no factual support for those allegations. For example, Paul significantly omits any allegation that he was arrested or even handcuffed. That is because Paul was not arrested or handcuffed, but rather was freely allowed to leave the scene of the search, which he did. And even if the Court assumes Paul (or some unidentified other person) was in fact "detained," Paul's allegations establish any detention was done pursuant to the search warrants. Such detention is allowed under the Fourth Amendment, even "without probable cause to arrest for a crime," because "the additional intrusion caused by the detention is slight and because the justifications for detention are substantial." *Bailey v. United States*, 568 U.S. 186, 193 (2013) (citing *Michigan v. Summers*, 452 U.S. 692 (1981); *Muehler v. Mena*, 544 U.S. 93 (2005)).

Similarly, to the extent Paul's Fourth Amendment claim is premised on the searching officers allegedly failing to give him a copy of the search warrant, he has failed to plead a plausible claim. The Fourth Amendment does not require officers executing a search warrant to give a copy to a person present prior to conducting the search. *United States v. Grubbs*, 547 U.S. 90, 99 (2006). Paul does not allege that he requested a copy of the search warrant at any time. Nor does he allege that the searching officers failed to leave a copy of the warrant at the searched premises upon concluding the search. *See* FED. R. CRIM. P. 41(f)(1)(C). Paul's conclusory, threadbare allegations are therefore insufficient to establish that Sabban plausibly violated his Fourth Amendment rights.

Finally, allegations material to all claims have also been omitted. For example, Paul alleges all of the defendants were simultaneously acting under color of both federal and state law but provides no factual basis for that allegation. That is significant here because some defendants, such as Sabban, are nominally identified as state agents while others, such as Joy, are identified as federal agents. Paul must explain factually how a Texas State Securities Board investigator can simultaneously be treated as a federal agent for *Bivens* purposes but as a state agent for § 1983 purposes. Similarly, all four claims allege the defendants lacked probable cause to search or seize Paul's property, but Paul does not provide any factual basis for that naked legal conclusion. It is necessary for Paul to plead specific facts about probable cause because "a warrant presumptively establishes probable cause," and Paul cannot overcome that presumption by simply declaring the warrant invalid. *Terwilliger*, 4 F.4th at 285 n.10.

## V.     Sabban is entitled to qualified immunity.

Finally, Sabban asserts his qualified immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "When a defendant invokes qualified immunity, the burden is on the plaintiff

11

to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).  The plaintiff must do so by "plead[ing] specific facts to overcome the defense." *Terwilliger*, 4 F.4th at 284.  That means pleading specific facts establishing both (1) the violation of a constitutional right, and (2) that the right in question was clearly established at the time.  *Id.*  Paul cannot meet that burden because he has only made conclusory statements tracking the elements of his claims, and the Court cannot accept those perfunctory allegations as true.  *Benfield*, 945 F.3d at 336-37.  The Court is therefore left with a complaint that contains no relevant factual allegations whatsoever, which is plainly insufficient to meet the burden of overcoming the qualified immunity defense.

## **CONCLUSION**

For the foregoing reasons, Defendant Rani Sabban respectfully requests the Court grant his motion to dismiss, enter a final judgment dismissing Paul's claims with prejudice, and award Sabban all further relief to which he is entitled.

Respectfully submitted,

**LAW OFFICES OF RANDY T. LEAVITT**

By: */s/ Randy Leavitt*
    Randy T. Leavitt
    State Bar No. 12098300
    randy@randyleavitt.com
    1301 Rio Grande
    Austin, Texas  78701
    Tel:  (512) 476-4475
    Fax:  (512) 542-3372

**BUTLER SNOW LLP**

By: */s/ Karson Thompson*
    Karson Thompson
    State Bar No. 24083966
    karson.thompson@butlersnow.com
    1400 Lavaca Street, Suite 1000
    Austin, Texas 78701
    Tel:  (737) 802-1800
    Fax:  (737) 802-1801

    ATTORNEYS FOR DEFENDANT
    RANI SABBAN

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 20, 2022, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

    */s/ Karson Thompson*
    Karson Thompson