# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| NATIN PAUL, WORLD CLASS §<br>HOLDING COMPANY, LLC, and §<br>WORLD CLASS HOLDINGS §<br>MANAGEMENT, LLC, §<br>    *Plaintiffs* §<br>§<br>v. §<br>§<br>RANI A. SABBAN, PRESTON JOY, §<br>DOES 1-40, and DOES 41-100, §<br>    *Defendants* § | 1:21-cv-00954-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant FBI Special Agent T. Preston Joy's Motion to Dismiss, filed April 5, 2022 (Dkt. 18); Defendant Rani Sabban's Motion to Dismiss, filed April 20, 2022 (Dkt. 22); Plaintiffs' Response to Defendants' Motions to Dismiss, filed May 25, 2022 (Dkt. 25); and Defendants' Reply Briefs, filed June 21, 2022 and June 22, 2022 (Dkt. 26; Dkt. 27). On July 6, 2022, the District Court referred the Motions to Dismiss to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 28.

## I.   Background

Natin Paul, World Class Holding Company, LLC, and World Class Holdings Management, LLC (collectively, "Plaintiffs") bring this action to recover damages against Texas State Securities Board Investigator Rani A. Sabban, FBI Special Agent Preston Joy, FBI Special Agents Does 1-40, and law enforcement officers Does 41-100 (collectively, "Defendants"), all in their

individual capacities, for alleged violations of Plaintiffs' civil rights under the Fourth and Fifth Amendments to the United States Constitution. Plaintiff's Original Complaint (Dkt. 1) at 1. Plaintiffs allege that Defendants searched Paul's residence, the corporate plaintiffs' offices, and Plaintiffs' storage facilities without a valid search warrant or probable cause, and intentionally damaged and seized Plaintiffs' property without legal justification or probable cause.

Specifically, Plaintiffs allege in their Complaint that Defendants conducted searches of their property at eight different locations in Austin, Texas, on August 17, 2019, pursuant to search warrants issued "[i]n the absence of any evidence and in full reliance on Sabban's false affidavit." *Id.* ¶¶ 12-13. Paul alleges that the searches, his detention during the searches, and the detention of his employees caused him "to suffer emotional distress, humiliation, and embarrassment." *Id.* ¶ 18. Plaintiffs further allege that Defendants informed news media of the searches and that Plaintiffs were under criminal investigation, and that the news media reported this information to the public, severely damaging Plaintiffs' business reputation, compromising their business affairs, and causing them to suffer significant financial losses. *Id.* ¶ 19.

Plaintiffs assert four causes of action:

1. Unreasonable detention, search, and seizure in violation of the Fourth Amendment (*Bivens* Claim);

2. Takings or deprivation of property in violation of the Fifth Amendment (*Bivens* Claim);

3. Unreasonable detention, search, and seizure in violation of the Fourth Amendment (§ 1983 Claim); and

4. Takings or deprivation of property in violation of the Fifth Amendment (§ 1983 Claim).

Plaintiffs seek actual, compensatory, and exemplary or punitive damages, attorney fees, and costs.

In their Motions to Dismiss, Defendants Joy and Sabban contend that Plaintiffs' claims are time-barred, they are entitled to qualified immunity, and Plaintiffs' *Bivens* claims do not exist and

should not be expanded into this new context. Sabban further argues that Plaintiffs' Fifth Amendment takings claims fail because no takings occurred, and that all of Plaintiffs' claims fail to meet the requisite plausibility standard. Plaintiffs oppose the Motions.

## II. Legal Standards

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action against federal officials who, acting under color of federal law, violate a constitutional right of an individual. Because there is no federal statute of limitations for a *Bivens* action, federal courts apply the forum state's limitations period for personal injury claims. *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The same is true for a claim under 42 U.S.C. § 1983. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). The statute of limitations governing personal injuries under Texas law is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. Accordingly, the limitations for all of Plaintiffs' claims is two years. *Spotts*, 613 F.3d at 573 (*Bivens* claims); *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (Section 1983 claims). Plaintiffs agree that the two-year statute limitations applies in a *Bivens* cause of action. Dkt. 25 at 3.

While the limitations period is governed by Texas law, federal law controls the accrual of Plaintiffs' claims. *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994). "The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (quoting *Redburn v. City of Victoria*, 898 f.3d 486, 496 (5th Cir. 2018)).

### III.  Analysis

Taking the allegations in Plaintiffs' Complaint as true, their claims accrued on August 17, 2019, the date they allege that their rights were violated by the searches of their property, the detention of Paul and Plaintiffs' employees, and the damage and seizure of their property. *See, e.g.*, *Knick v. Twp. of Scott, Penn.*, 139 S. Ct. 2162, 2170 (2019) ("We have long recognized that property owners may bring Fifth Amendment claims against the Federal Government as soon as their property has been taken."); *Stringer*, 986 F.3d at 511 ("Our precedent teaches that a cause of action accrues when the plaintiff learns the facts giving rise to her injury."); *Moore*, 30 F.3d at 621 (stating that § 1983 claim for unreasonable search accrued on the day it occurred). Plaintiffs did not file their Complaint until October 21, 2021, more than two years after their claims accrued on August 17, 2019. Their claims thus are barred by the statute of limitations.

Plaintiffs argue that their claims are not time-barred because their "economic damages began to accrue on or after October 21, 2019, and are ongoing, pinpointing Plaintiffs' cause of action to that date." Dkt. 25 at 2. Plaintiffs further contend that they suffered "separate and distinct economic damages after the date of the searches and seizures," and thus, they "did not have the critical facts related to the injury at the time of the searches and seizures regarding the economic damages to be suffered afterwards." *Id.* at 3. But Plaintiffs allege no such facts or claims in their Complaint; to the contrary, Plaintiffs allege that the searches and seizures were the "direct and proximate cause" of all their asserted damages. Dkt. 1 ¶¶ 29, 38, 47, 56. Nor do Plaintiffs cite any authority supporting this argument.

Plaintiffs' Complaint was filed more than two months after the applicable statute of limitations expired. Therefore, the undersigned Magistrate Judge recommends that the District Court dismiss all of Plaintiffs' claims with prejudice as untimely filed.

Because the Court has determined that Plaintiffs' Complaint is time-barred, it need not address Defendants' remaining arguments for dismissal.

## IV. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant FBI Special Agent T. Preston Joy's Motion to Dismiss (Dkt. 18) and Defendant Rani Sabban's Motion to Dismiss (Dkt. 22) and **DISMISS WITH PREJUDICE** Plaintiffs Natin Paul, World Class Holding Company, LLC, and World Class Holdings Management, LLC's Original Complaint in its entirety.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 23, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE